FILED IN OPEN COURT
ON 2/19/2026 by JMZ
Peter A. Moore, Jr., Clerk
US District Court
Eastern District of NC

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## EASTERN DIVISION

NO. _____

UNITED STATES OF AMERICA　　　:

　　　　　　　　　　　　　　　　:

v.　　　　　　　　　　　　　　　: 　　**CONSENT PRELIMINARY**

　　　　　　　　　　　　　　　　: 　　**ORDER OF FORFEITURE**

LIFE TOUCH, LLC　　　　　　　　:

BRANDON EUGENE SIMS

WHEREAS, the above-named defendant has pleaded guilty pursuant to a written plea agreement to Count One of the Criminal Information, charging the defendant with offenses in violation of 18 U.S.C. § 1347;

AND WHEREAS, the defendant consents to the terms of this Order and to the forfeiture of the property that is the subject of this Order of Forfeiture; and stipulates and agrees that each item of property constitutes or is derived, directly or indirectly, from gross proceeds traceable to the offense(s) to which it pled guilty, and is thereby subject to forfeiture pursuant to 18 U.S.C. § 982(a)(7);

AND WHEREAS, the defendant stipulates and agrees that the defendant individually, or in combination with one or more co-defendants, has or had an ownership, beneficial, possessory, or other legal interest in and/or exercised dominion and control over each item of property that is subject to forfeiture herein;

AND WHEREAS, the defendant knowingly and expressly agrees to waive the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2(a), 32.2(b)(1), 32.2(b)(4), and 43(a), including waiver of any defect respecting notice of the forfeiture in the charging instrument or the plea colloquy; waiver of the right to a hearing to

1

present additional evidence respecting the forfeitability of any specific property or the amount of any forfeiture money judgment; waiver of the right to be present during any judicial proceeding respecting the forfeiture of the property that is the subject of this Order of Forfeiture or to receive further notice of the same; waiver of any defect respecting the announcement of the forfeiture at sentencing; and waiver of any defect respecting the inclusion of the forfeiture in the Court's judgment;

AND WHEREAS, the defendant knowingly and expressly agrees that the provisions of this Consent Preliminary Order of Forfeiture are intended to, and shall, survive the defendant's death, notwithstanding the abatement of any underlying criminal conviction after the entry of this Order; and that the forfeitability of any particular property identified herein shall be determined as if defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full;

NOW, THEREFORE, based upon the Memorandum of Plea Agreement, the stipulations of the parties, and all of the evidence of record in this case, the Court FINDS as fact and CONCLUDES as a matter of law that there is a nexus between each item of property listed below and the offense(s) to which the defendant has pleaded guilty, and that the defendant (or any combination of defendants in this case) has or had an interest in the property to be forfeited,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

2

1. The following property is forfeited to the United States pursuant to Fed.

R. Crim. P. 32.2(b)(2) and 18 U.S.C. § 982(a)(7):

Real Property:

a) Real property located at 919 Enclave Lake Drive, Houston, Texas,

including any and all appurtenances and improvements thereto, as

more particularly described in a Special Warranty Deed with

Vendor's Lien recorded as Instrument Number Rp-2022-392295 of

the Harris County Records, Texas, and being titled in the name of

Brandon E. Sims, more particularly described as follows:

Lot Forty-one (41), in Block One (1), of Parkway Villages, Section
Four (4), an addition in Harris County, Texas according to the map
or plat thereof recorded in Film Code No. 355002 of the Map Records
of Harris County, Texas.

PIN: 117-615-001-0041

b) Real property located at 49 Sullivans Landing, Missouri City, Texas,

including any and all appurtenances and improvements thereto, as

more particularly described in a Warranty Deed recorded as

Instrument Number 2023008945 of the Fort Bend County Records,

Texas, and being titled in the name of the B. Sims Experience LLC,

more particularly described as follows:

Lot Twenty-Nine (29), in Block One (1), of SIERRA VILLAGE OF
WATERS LAKE SECTION Two (2), a subdivision in Fort Bend
County, Texas, according to the map or plat thereof recorded in Slide
No. 1770/A of the Plat Records of Fort Bend County, Texas.

PIN: R228520

c) Real property located at 229 Amy Overlook, Atlanta, Georgia, including any and all appurtenances and improvements thereto, as more particularly described in a Quitclaim Deed recorded in Book 66622, Page 97 of the Fulton County Records, Georgia, and being titled in the name of Experienced Rentals LLC, more particularly described as follows:

All that tract or parcel of land lying and being in Land Lot 159 of the 9F District, Fulton County, Georgia, being Lot 87, Phase II, Champions Park Subdivision, as shown on plat recorded in Plat Book 300, Pages 2-7, Fulton County, Georgia Records, which said plat is being incorporated herein by reference thereto. Reference: 229 Amy Overlook, Atlanta, GA 30349.

PIN: 09F-3900-0176-493-5

d) Real property located at 6728 Willowbrooke Drive, Apartment 2, Fayetteville, North Carolina, including any and all appurtenances and improvements thereto, as more particularly described in a Warranty Deed recorded in Book 11721, Pages 0613-0615 of the Cumberland County Records, North Carolina, and being titled in the name of Lanier & Associates, LLC, more particularly described as follows:

BEING all of Unit 5, in a subdivision known as STEWART'S CREEK CONDOMINIUMS II, PHASE 2, according to a plat of the same duly recording in Condominium Book 1, Pages 61-70, Cumberland County Registry, North Carolina. Subject to the rights, privileges, appurtenances, easements, obligations, covenants, conditions and restrictions contained and described in the Declaration, and together with the undivided fractional interest in the common areas and facilities as established in the Declaration recorded in Book 3056, Page 689, and the Supplemental Declaration recorded in Book 3089,

Page 529-533, Cumberland County Registry, North Carolina. The above described property was acquired by the Grantor by instrument recorded in Book 10455, Page 823, Cumberland County Registry.

PIN: 9498-51-9929-105

e) Real property located at 342 Waterdown Drive, Apartment 11, Fayetteville, North Carolina, including any and all appurtenances and improvements thereto, as more particularly described in a Warranty Deed recorded in Book 11721, Pages 0613-0615 of the Cumberland County Records, North Carolina, and being titled in the name of Lanier & Associates, LLC, more particularly described as follows:

BEING all of Unit 11, Section II, Phase Thirteen, THE CROSSINGS AT MORGANTON CONDOMINIUMS, as recorded in Condominium Book 4, Page 160, Cumberland County Registry with the ownership interest, privileges, appurtenances, conditions and restrictions contained and described in the Declaration of The Crossings at Morganton Condominiums recorded in Book 3885, Page 738, Cumberland County Registry, North Carolina. The above described property was acquired by the Grantor by instrument recorded in Book 10836, Page 546, Cumberland County Registry.

PIN: 0408-72-2529-311

f) Real property located at 121 Taylor Heights Street, Hookerton, North Carolina, included any and all appurtenances and improvements thereto, as more particularly described in a Warranty Deed recorded in Book 762, Pages 596-598 of the Greene County Records, North Carolina, and being titled in the name of Pridgen Investments, LLC, more particularly described as follows:

5

Beginning at a point on First Street Extended, 5 feet from the western side of the line between Lots No. 31 and 32 and runs with Lot No. 31 to Contentnea Creek; thence in a westerly direction with the various courses of Contentnea Creek to a point 5 feet from the line between Lots No. 35 and 36 on said creek; thence in a southerly direction parallel with the line of Lot No. 35 to a point on First Street Extended 5 feet from the line between Lots No. 35 and 36; thence in an easterly direction with said First Street Extended to the point of beginning. The above described property was acquired by the Grantor by instrument recorded in Book 744, Page 917, Greene County Registry.

PIN: 0300535

g) Real property located at 208 South Third Street, Hookerton, North Carolina, including any and all appurtenances and improvements thereto, as more particularly described in a Warranty Deed recorded in Book 762, Pages 593-595 of the Greene County Records, North Carolina, and being titled in the name of Lanier & Associates, LLC, more particularly described as follows:

BEGINNING at a stake on Third Street, Kenneth McLawhorn's corner, and runs with Third Street in a Northerly direction 6l feet to Ethelene J. Hill's corner; thence with Ethelene J. Hill's line in a Westerly direction 146 feet to Robert Jones's line; thence with Robert Jone's line 61 feet to Kenneth McLawhorn's corner; thence with Kenneth McLawhorn's line 146 feet to the beginning, and being a portion of the lot of land conveyed to A.L. Wood by B.F.D. Albrittion and others by deed recorded in the Public Registry of Greene County in Book 239, Page 420, to which reference is hereby made. It being the identical tract or parcel of land conveyed by A.L. Wood and wife, Lillian B. Wood to Raymond Mewborn on January 6, 1953 and recorded in Book 270, Page 457 of the Greene County Register of Deeds Office. It being the identical tract or parcel of land conveyed by Raymond Mewborn and wife, Lila Mae J. Mewborn to Junius Faircloth and wife, Irene Faircloth on April 1, 1976 and recorded in Book 405, Page 23 of the Greene County Register of Deeds Office. The above described property was acquired by the Grantor by instrument recorded in Book 746, Page 4, Greene County Registry.

6

PIN: 0300356

h) Real property located at 3305 Chris Street, Kinston, North Carolina, including any and all appurtenances and improvements thereto, as more particularly described in a Warranty Deed recorded in Book 1987, Pages 439-443 of the Lenoir County Records, North Carolina, and being titled in the name of Lanier & Associates, LLC, more particularly described as follows:

BEING Lot 25B, Section A, Village Cedars as depicted and delineated on a map entitled "RECOMBINATION SURVEY FOR VERNON DOUGLAS FREEMAN - REDIVISION OF LOTS 25A, 25B, 26A AND 26B, SECTION A, VILLAGE CEDARS (PC 3, P 345)" dated February 8, 2002, prepared by Atlantic Surveying, P.A., and appearing of record in Plat Cabinet 8, Page 20, Lenoir County Registry. Reference to said map is hereby made and incorporated herein for a more detailed description. Also being a portion of the property conveyed by Deed recorded in Book 1235, Page 556 and corrected by Correction Deed recorded in Book 1329, Page 865, Lenoir County Registry. The above described property was acquired by the Grantor by instrument recorded in Book 1928, Page 273, Lenoir County Registry.

PIN: 451614340519

i) Real property located at 3307 Chris Street, Kinston, North Carolina, including any and all appurtenances and improvements thereto, as more particularly described in a Warranty Deed recorded in Book 1987, Pages 439-443 of the Lenoir County Records, North Carolina, and being titled in the name of Lanier & Associates, LLC, more particularly described as follows:

BEING Lot 25A, Section A, Village Cedars as depicted and

7

delineated on a map entitled "RECOMBINATION SURVEY FOR VERNON DOUGLAS FREEMAN - REDIVISION OF LOTS 25A, 25B, 26A AND 26B, SECTION A, VILLAGE CEDARS (PC 3, P 345)" dated February 8,2002, prepared by Atlantic Surveying, P.A., and appearing of record in Plat Cabinet 8, Page 20, Lenoir County Registry. Reference to said map is hereby made and incorporated herein for a more detailed description. Also being a portion of the property conveyed by Deed recorded in Book 1235, Page 556 and corrected by Correction Deed recorded in Book 1329, Page 865, Lenoir County Registry. The above described property was acquired by the Grantor by instrument recorded in Book 1928, Page 273, Lenoir County Registry.

PIN: 451614249578

j)  Real property located at 1010-1012 West Lenoir Avenue, Kinston, North Carolina, including any and all appurtenances and improvements thereto, as more particularly described in a Warranty Deed recorded in Book 1987, Pages 427-431 of the Lenoir County Records, North Carolina, and being titled in the name of Pridgen Investments, LLC, more particularly described as follows:

Being situate on the south side of West Lenoir Street and beginning at the southeast corner of the intersection of West Lenoir Street and Carey Road, and runs with the line of West Lenoir Sheet S 70-30 E 75 feet to a stake, the corner of Lot #2 in Block "F" as shown on map hereinafter referred to; and runs thence S 12-30 W with the western line of said Lot #2 150.5 feet to a stake, the southwest corner of said Lot No, 2; and runs thence N 77 -30 W 75 feet to a stake in the eastern line of Carey Road; and runs thence N 12-30 E with the line of Carey Road 150.5 feet to the point of beginning, and being Lot #l in Block "F" as shown on map of record in the office of the Register of Deeds of Lenoir County in Map Book 3, Page 94, reference to which is here made. This being the same property described in and conveyed by that certain Deed recorded in Book 1343, Page 566, Lenoir County Registry. The above described property was acquired by the Grantor by instrument recorded in Book 1928, Page 714, Greene County Registry.

8

PIN: 451512953619

k) Real property located at 706 Colony Place, Kinston, North Carolina, including any and all appurtenances and improvements thereto, as more particularly described in a Warranty Deed recorded in Book 1987, Pages 427-431 of the Lenoir County Records, North Carolina, and being titled in the name of Pridgen Investments, LLC, more particularly described as follows:

BEING Lot No. Four (4) as depicted on a map entitled "Map for Record, Heritage Townhomes, Phase l - Part l" dated July 17, 1984, prepared by Stroud Land Surveying Co., and appearing in Plat Cabinet 2, Slide 94, Page 187, Lenoir County Registry, reference to which is hereby made for a more detailed description. The above described property was acquired by the Grantor by instrument recorded in Book 1930, Page 504, Greene County Registry.

PIN: 452505195652

l) Real property located at 303 East Capitola Avenue, Kinston, North Carolina, including any and all appurtenances and improvements thereto, as more particularly described in a Warranty Deed recorded in Book 1987, Pages 427-431 of the Lenoir County Records, North Carolina, and being titled in the name of Pridgen Investments, LLC, more particularly described as follows:

BEGINNING at an iron stake found in the southern right-of-way line of East Capitola Avenue, said iron stake being located by beginning at the junction of the southern right-of-way line of East Capitola Avenue and the eastern right-of-way line of Independence Street and running along said
right-of-way line in an easterly direction 100 feet to the point of beginning; thence running from said beginning point so located with

9

the southern right-of-way line of East Capitola Avenue South 83 degrees 30 minutes East 58.8 West 146.82 feet to an iron stake; thence it runs North 83 degrees 58 minutes 50 seconds West 59.22 feet to an iron stake; thence it runs North 07 degrees 24 minutes 38 seconds East 147.5 feet to the point or place of beginning. The above described property was acquired by the Grantor by instrument recorded in Book 1932, Page 217, Greene County Registry.

PIN: 452540466380

m) Real property located at 1001 Clifton Terrace, Kinston, North

Carolina, including any and all appurtenances and improvements

thereto, as more particularly described in a Warranty Deed recorded

in Book 1987, Pages 427-431 of the Lenoir County Records, North

Carolina, and being titled in the name of Pridgen Investments, LLC,

more particularly described as follows:

Located on the Northwest corner of West Road and Clifton Terrace, formerly Manoah Avenue, and being Lot No. Nine (9), as shown on map of "Part I of Section J", as developed by Perry Park, Inc., which said map is recorded in Map Book 4, Page 149, Lenoir County Registry, reference to which is hereby made for an accurate description, and being further described as follows: Beginning at a stake on the North side of Clifton Terrace, formerly Manoah Avenue, said stake being the Southeast corner of Lot No. 13, as shown on said map, and runs thence northwestwardly with the line of Lot No. 13, 101.6 feet to a corner which is common with Lots Nos. 8, 9 and 13, as shown on said map; thence it runs northeastwardly with the South side of said Lot No, 8, 100 feet to West side of West Road; thence it runs with the West side of West Road S. 16-30 E. 115 feet to a stake; thence it runs southwestwardly 18.3 feet to the North side of said Clifton Terrace a stake located N. 88-00 E. from the beginning corner; thence it runs with Clifton Terrace S. 88-00 W. 103 feet to the point of beginning. It being one of the lots conveyed by Perry Park, Inc., to O. L. Shackelford by deed dated July l, 1952, and recorded in the Lenoir County Registry. And also being the same lot of land conveyed by O. L. Shackelford and wife, to Arthur D. Shackleford and wife, by deed dated November 7,1952, and recorded in the Lenoir County Registry. The above described property was acquired by the Grantor

10

by instrument recorded in Book 1932, Page 719, Greene County Registry.

PIN: 452505080961

n) Real property located at 2341 Villa Drive, Kinston, North Carolina, including any and all appurtenances and improvements thereto, as more particularly described in a Warranty Deed recorded in Book 1987, Pages 427-431 of the Lenoir County Records, North Carolina, and being titled in the name of Pridgen Investments, LLC, more particularly described as follows:

BEING all of No. Lot 10A in Section B as same is shown and delineated on a map of Village Cedars, Section B, said map being recorded in Plat Cabinet 2, Slide 67, Page 133 in the Office of the Register of Deeds of Lenoir County, reference to said map being hereby made for a more particular description. This being the same property conveyed to Polly W. Odom by deed recorded in Book 1371 at Page 818, in the Lenoir County Registry. The above detailed property was acquired by the Grantor by instrument recorded in Book 1932, Page 882, Greene County Registry.

PIN: 451614347834

o) Real property located at 1511 West Road, Kinston, North Carolina, including any and all appurtenances and improvements thereto, as more particularly described in a Warranty Deed recorded in Book 1987, Pages 439-443 of the Lenoir County Records, North Carolina, and being titled in the name of Lanier & Associates, LLC, more particularly described as follows:

Located in the east side of West Road, and being Lot. No. 30, as shown on "Map of record of Part 2, Section J, and Tract 33 of Section K of Perry Park, as developed by Perry Park, Inc.", said map being

11

made by Meriwether Lewis, R.S., October 5, 1953, and recorded in Map Book 5, Page 40, Lenoir County Registry. It being a part of Tract No. 12, as described in the Deed from Bliss P. Carey, et als, to Perry Park, Inc., dated May 24, 1952, and recorded in Book 294, Page 333, Lenoir County Registry. Being the same property conveyed to Melvin A. Scott, Jr., and wife, Kathy P. Scott, by Deed from Barbara B. Adams, dated June 30, 1989, and recorded in Book 898, Page 647, Lenoir County Registry. The above described property was acquired by the Grantor by instrument recorded in book 1938, Page 396, Lenoir County Registry.

PIN: 452505090297

p) Real property located at 2508 Forrest Drive, Kinston, North Carolina, including any and all appurtenances and improvements thereto, as more particularly described in a Warranty Deed recorded in Book 1987, Pages 439-443 of the Lenoir County Records, and being titled in the name of Lanier & Associates, LLC, more particularly described as follows:

BEING Lot l6 as shown on that map of Castle Oaks, Section 2, "Revised", dated August 22,1973, as the same appears of record in Map Book 17, Page 19, Lenoir County Registry, and being the same property conveyed in Book 673,Page 544, Lenoir County Registry. The above described property was acquired by the Grantor by instrument recorded in Book 1939, Page 828, Lenoir County Registry.

PIN: 359604810882

q) Real property located at 2800 Brookhaven Drive, Kinston, North Carolina, including any and all appurtenances and improvements thereto, as more particularly described in a Warranty Deed recorded in Book 1987, Pages 439-443 of the Lenoir County Records, North Carolina, and being titled in the name of Lanier & Associates, LLC,

12

more particularly described as follows:

BEING LOT NO. 2, BLOCK 'E", as shown upon "Map for Record "WESTWOOD developed by Old South Realty, Inc., Kinston Township, Lenoir Co., N.C." dated October 15,1974 and appearing of record in Map Book 17, Page 64, Lenoir County Registry, to which said map reference is hereby made for a more particular description, the said map having been prepared by Linwood Stroud, P.E. 5279. The same property acquired by Romona W. Boyd by Deed recorded in Book 1187, Page 517, Lenoir County Registry. The above described property was acquired by the Grantor by instrument recorded in Book 1943, Page 292, Lenoir County Registry.

PIN: 451611770286

r) Real property located at 3232 Caroline Nicole Drive, Kinston, North

Carolina, including any and all appurtenances and improvements

thereto, as more particularly described in a Warranty Deed recorded

in Book 1987, Pages 439-443 of the Lenoir County Records, North

Carolina, and being titled in the name of Lanier & Associates, LLC,

more particularly described as follows:

BEING all of Lot No. 15, as shown on that certain map entitled "MAP OF WHITFIELD ACRES, SECTION A" dated February 12,1990, made by Greene Engineering, P.A. and appearing of record in Plat Cabinet 4, Page 77, Lenoir County Registry, reference to said map being hereby made for a more particular description of said lot. The above described property was acquired by the Grantor by instrument recorded in Book 1943, Page 723, Lenoir County Registry.

PIN: 358600955166

s) Real property located at 2320 Stallings Drive, Kinston, North

Carolina, including any and all appurtenances and improvements

thereto, as more particularly described in a Warranty Deed recorded

in Book 1987, Pages 427-431 of the Lenoir County Records, North

13

Carolina, and being titled in the name of Pridgen Investments, LLC,

more particularly described as follows:

BEING all of Lot No. 9 as shown on that certain map entitled "Plat of Wait's Woods North, Owned by H & H Development Corp. and East Car. Service Corp." dated May 8,1975, and prepared by Averette & King Engineering Co., P.A. said map appearing of record in Map Book 17, Page 99, Lenoir County Registry, reference to which is hereby made for a more detailed description. The above described property was acquired by the Grantor by instrument recorded in Book 1945, Page 236, Greene County Registry.

PIN: 451612957323

t) Real property located at 2100 Riley Road, Kinston, North Carolina,

including any and all appurtenances and improvements thereto, as

more particularly described in a Warranty Deed recorded in Book

1987, Pages 427-431 of the Lenoir County Records, North Carolina,

and being titled in the name of Pridgen Investments, LLC, more

particularly described as follows:

Being all of the certain piece of property denominated as Lot 1, containing 0.637 acres, more or less, shown on that map entitled "Property of James Parrott Hayes and wife, Juanita Hayes" appearing of record in Plat Cabinet 9, Page 72, Lenoir County Registry, reference to which is hereby made for a more accurate description. This being all of Lot 1 and a portion of Lot 4, Section A, as shown on Map No. 3 of Wait's Woods, appearing of record in Map Book 7, Page 10, Lenoir County Registry. The above described property was acquired by the Grantor by instrument recorded in Book 1947, Page 297, Greene County Registry.

PIN: 451612757268

u) Real property located at 3202 Chris Street, Kinston, North Carolina,

including any and all appurtenances and improvements thereto, as

14

more particularly described in a Warranty Deed recorded in Book

1987, Pages 427-431 of the Lenoir County Records, North Carolina,

and being titled in the name of Pridgen Investments, LLC, more

particularly described as follows:

BEING all of Lot No. 15A in Section A in Village Cedars Subdivision, a map of which is recorded in Plat Cabinet 3, Page 345, in the office of the Register of Deeds of Lenoir County, reference to said map being hereby made for a more perfect description of said Lot No. l5A in Section A. This conveyance is made subject to those certain restrictive and protective covenants recorded in Book 907, Page 240 in the office of the Register of Deeds of Lenoir County. The above described property was acquired by the Grantor by instrument recorded in Book 1951, Page 349, Greene County Registry.

PIN: 451614345403

v) Real property located at 2344 Highway 903 South, Snow Hill, North

Carolina, including any and all appurtenances and improvements

thereto, as more particularly described in a General Warranty Deed

recorded in Book 752, Pages 714-716 of the Greene County Records,

North Carolina, and being titled in the name of Brandon E. Sims,

more particularly described as follows:

BEING all of that tract or parcel of land containing 36.92 acres, more or less, including right of way, which is shown, depicted and delineated on a map entitled *SURVEY FOR JOHNNY MILTON TURNAGE, JR (OWNER)", prepared by James D. Grant, Professional Land Surveyor, dated March 30, 2022, recorded in Map Book 33, at Page 133, Greene County Registry, reference to which map is hereby made for a more perfect description.

PIN: 0801209

w) Real property located at 1202 Harding Avenue, Kinston, North

15

Carolina, including any and all appurtenances and improvements

thereto, as more particularly described in an Executrices' Special

Warranty Deed recorded in Book 1958, Pages 131-134 of the Lenoir

County Records, North Carolina, and being titled in the name of

Lanier & Associates, LLC, more particularly described as follows:

Located on the south side of Harding Avenue, beginning at a stake on the south side of Harding Avenue 150 feet west from the southwest corner of the intersection of LaRoque Street and Harding Avenue, said stake being at the northwest corner of the lot now owned by W. R. Gray and wife, thence it rounds south and parallel with LaRoque Street and along the western boundaries of Gray and Williams lots 200 feet to a stake, thence west and parallel with Harding Avenue 100 feet to a stake, thence north and parallel with the first line 200 feet to a stake in the south boundary of Harding Avenue, thence east with the southern boundary of Harding Avenue 100 feet to the beginning, it being a part of the D.E. Perry heirs' property. And being the same property conveyed to Robert L. Thompson, Jr., and wife, by
Bliss P. Carey at als by deed dated July 28, 1950 and recorded in Book 278, Page 280, Lenoir County Registry.

PIN: 451512866673

Personal Property:

x) A 2021 Rolls Royce Cullinan, VIN: SLATV4C02MU205598, registered to Experienced Rentals, LLC, a company owned by Brandon Sims, seized on November 16, 2023.

y) A 2020 Chevrolet Silverado, VIN: 1GCUYEED3LZ169500, registered to Experienced Rentals, LLC, a company owned by Brandon Sims, seized on November 16, 2023.

z) A 2021 Chevrolet Corvette Stingray, VIN: 1G1YC3D49M5123161, registered to Brandon Sims, seized on November 16, 2023.

aa) $4,802.38 seized from Bank of America Account #XXX9419. held in the name of Life Touch and Brandon Sims on November 16, 2023.

16

bb) $21,055.17 seized from Bank of America Account #XXX8520. held in the name of Life Touch and Brandon Sims on November 16, 2023.

2.      Pursuant to Fed. R. Crim. P. 32.2(b)(3), the U.S. Attorney General, Secretary of the Treasury, Secretary of Homeland Security, or a designee is authorized to seize, inventory, and otherwise maintain custody and control of the property, whether held by the defendant or by a third-party. **Any person who knowingly destroys, damages, wastes, disposes of, transfers, or otherwise takes any action with respect to the property, or attempts to do so, for the purpose of preventing or impairing the Government's lawful authority to take such property into its custody or control or to continue holding such property under its lawful custody and control, may be subject to criminal prosecution pursuant to 18 U.S.C. § 2232(a).**

3.      This Order shall also serve as a Writ of Entry and Inspection, authorizing the government or other personnel assisting the government to enter onto and into the premises of the above-described real property as necessary for purposes of conducting inspections, appraisals, and photographing or video-recording the property, to record and document the condition, value, and maintenance of the property until the forfeiture proceedings are concluded. Any occupants of the real property shall be served with a copy of this Order of Forfeiture and provided with notice of the forfeiture. **This Order specifically places any occupants on notice that they shall maintain the premises in its present condition as long as their occupancy continues and shall not materially alter, cause any damage**

17

**to, or remove any fixtures from the real property. Any violation of this Order could result in criminal and/or civil sanctions pursuant to 18 U.S.C. § 2232(a) and/or this Court's contempt powers.**

      4.      Pursuant to Fed. R. Crim. P. 32.2(b)(3) and 32.2(c)(1)(B), the United States is authorized to conduct any discovery pursuant to the applicable Federal Rules of Civil Procedure needed to identify, locate, or dispose of the above-referenced property, or other substitute assets, including depositions, interrogatories, requests for production of documents and for admission, and the issuance of subpoenas.

      5.      If and to the extent required by Fed. R. Crim. P. 32.2(b)(6), 21 U.S.C. § 853(n), and/or other applicable law, the United States shall provide notice of this Order and of its intent to dispose of the specified real and/or personal property listed above, by publishing and sending notice in the same manner as in civil forfeiture cases, as provided in Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The United States shall then file a Notice with the Court documenting for the record: (1) proof of publication, or the government's reliance on an exception to the publication requirement found in Supplemental Rule G(4)(a)(i); and (2) the government's efforts to send direct notice to all known potential third-party claimants in accordance with Supplemental Rule G(4)(b)(iii), or a representation that no other potential claimants are known to the government. This Order shall not take effect as the Court's Final Order of Forfeiture until an appropriate Notice has been filed and the time in which any third parties with notice of the forfeiture are permitted by law to file a petition has expired.

18

6.      **Any person other than the above-named defendant, having or claiming any legal interest in the subject property must, within 30 days of the final publication of notice or of receipt of actual notice, whichever is earlier, petition the Court to adjudicate the validity of the asserted interest pursuant to Fed. R. Crim. P. 32.2(c)(1) and 21 U.S.C. § 853(n)(2). The petition must be signed by the petitioner under penalty of perjury and shall set forth: the nature and extent of the petitioner's right, title, or interest in the subject property; the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property; any additional facts supporting the petitioner's claim; and the relief sought. The petition may be hand-delivered to the Clerk at any federal courthouse within the Eastern District of North Carolina or mailed to the following address:**

> U.S. District Court Clerk
> Eastern District of North Carolina
> P.O. Box 25670
> Raleigh, NC 27611

7.      If one or more timely petitions are received by the Court, the Court will enter a separate scheduling order governing the conduct of any forfeiture ancillary proceedings under Fed. R. Crim. P. 32.2(c). Following the Court's disposition of all timely filed petitions, a Final Order of Forfeiture that amends this Order as necessary to account for any third-party rights shall be entered pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n)(6). The receipt of a petition as to one or more specific items of property shall not delay this Order of Forfeiture from becoming final, in

19

accordance with the following paragraph, as to any remaining property to which no petition has been filed.

8. If no third party files a timely petition, or if this Court denies and/or dismisses all third party petitions timely filed, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall dispose of the property according to law, including without limitation liquidation by sale or any other commercially feasible means, destruction, and/or retention or transfer of an asset for official use. The United States shall have clear title to the property and may warrant good title to any subsequent purchaser or transferee pursuant to 21 U.S.C. § 853(n)(7).

9. Upon sentencing and issuance of the Judgment and Commitment Order, the Clerk of Court is DIRECTED to incorporate a reference to this Order of Forfeiture in the applicable section of the Judgment, as required by Fed. R. Crim. P. 32.2(b)(4)(B). In accordance with Fed. R. Crim. P. 32.2(b)(4)(A), with the defendant's consent, this Order shall be final as to the defendant upon entry.

10. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

SO ORDERED, this the 1st day of _Febru_____, 2025.

UNITED STATES DISTRICT JUDGE

20

WE ASK FOR THIS:

DANIEL P. BUBAR
Acting United States Attorney

BY: _____

TASHA C. GARDNER
Assistant United States Attorney
Criminal Division

_____
BRANDON EUGENE SIMS for
LIFE TOUCH, LLC
Defendant

_____
JOSEPH E. ZESZOTARSKI, JR.
Attorney for the Defendant

_____
BRANDON EUGENE SIMS
DEFENDANT
(IN HIS INDIVIDUAL CAPACITY)